# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| GARY LEON TETER, JR., | ) |
| Plaintiff, | ) |
| v. | ) No. 08-6097-CV-SJ-FJG |
| GLASS ONION, INC., | ) |
| Defendant. | ) |

## ORDER

Currently pending before the Court is defendant's motion to dismiss for lack of jurisdiction (Doc. No. 5).

**I.　BACKGROUND**

Plaintiff G.L.Teter ("Teter") is an artist that lives and does business in Missouri, and Glass Onion, Inc. ("GOI") owns the 83rd Spring Street Gallery ("art gallery"), located in Eureka Springs, Arkansas. GOI does not have any offices or art galleries in Missouri or anywhere else other than Arkansas. Teter is suing GOI for copyright and trademark infringement, false designation of origin, violation of the Visual Arts Rights Act, unfair competition, and trademark dilution. Teter seeks to permanently enjoin GOI from this infringement as well as recover treble damages, GOI's profits, attorney's fees, costs, and punitive damages.

Before GOI owned the art gallery, the previous owner apparently had a contract with Teter, in which the art gallery would purchase, promote, and sell Teter's artwork in its gallery. Before GOI's owners purchased the art gallery from the previous owners, they visited Teter in his studio on February 2007 in Jamesport, Missouri. The purpose of their

meeting was to determine whether Teter would continue performing the contract entered into with the original owners if GOI assumed ownership. At the meeting, Teter and the GOI's owners orally agreed that GOI would continue to be an authorized dealer of Teter's art work and would be the exclusive seller of his art in the Branson, Missouri metro area as well as in the State of Arkansas.

In connection with its sales of Teter's art, GOI operates a website (www.83springstreetgallery.com). The website does not permit customers to order artwork electronically; however, it does provide a phone number and email address to place orders. The website also displays electronic images of the artwork that it has in its inventory for sale. Numerous prints by Teter as well as pieces of his original artwork are displayed on this website. The art gallery has superimposed its name on some of the electronic images depicting Teter's art work. The display of these electronic images along with the superimposition of the art gallery's name on the images provide the basis for Teter's complaint against GOI.

## II.     STANDARD OF REVIEW

Pursuant to Rule 12(b)(2), defendant moves to dismiss this case based on lack of personal jurisdiction. The party seeking to invoke the jurisdiction of a federal court bears the burden of establishing that jurisdiction exists. Mountaire Feeds, Inc. v. Agro Impex, S.A., 677 F.2d 651, 653 n. 3 (8th Cir. 1982) (citations omitted). To defeat a motion to dismiss for lack of personal jurisdiction, the non-moving party need only make a prima facie showing of jurisdiction. Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991) (citations omitted). Where the Court relies on only the pleadings and affidavits in making its decision, and does not conduct an evidentiary hearing on the issue

2

of jurisdiction, it views the facts in the light most favorable to the non-moving party, and resolves all factual conflicts in favor of that party. Id.

A federal court may assume jurisdiction over a foreign defendant only to the extent permitted by the forum state's long-arm statute and the Due Process Clause of the Constitution. Pecoraro v. Sky Ranch For Boys, Inc., 340 F.3d 558, 561 (8th Cir. 2003). Since Missouri's long-arm statute has been construed to permit jurisdiction to the fullest extent permitted by the Due Process Clause, see Porter v. Berall, 293 F.3d 1073, 1074 (8th Cir. 2002), the Court will "turn immediately to the question of whether the assertion of personal jurisdiction would violate due process." Id. at 1075.

A state may exercise personal jurisdiction over a nonresident defendant consistent with due process when the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. State of Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). The defendant's contact with the forum state must be purposeful and such that defendant "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). A party may anticipate being haled into court in a particular jurisdiction if it "purposefully directed" its activities at residents of the forum, and the litigation results from alleged injuries that "arise out of or relate to" those activities. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (citations omitted). Furthermore, the contacts with the forum state must be more than random, fortuitous or attenuated. Id. at 475.

### III. DISCUSSION

The Eight Circuit has applied a five-factor test to determine whether personal

3

jurisdiction comports with due process requirements. <u>Burlington Industries, Inc. v. Maple Industries, Inc.</u>, 97 F.3d 1100, 1102 (8th Cir. 1996). A court must consider "(1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties." <u>Id.</u> The first three factors are of primary importance while the latter two are of secondary importance. <u>See</u> <u>id.</u> The third factor relates to the distinction between specific and general personal jurisdiction. While specific jurisdiction is appropriate where the plaintiff's cause of action relates to or arises out of its contacts with the forum, <u>see</u> <u>Bell Paper Box, Inc. v. U.S. Kids, Inc.</u>, 22 F.3d 816, 819 (8th Cir. 1994), general jurisdiction is proper where defendant has engaged in "continuous and systematic" activities within the forum which justify exercising jurisdiction over the defendant, regardless of the relation between its contacts and the lawsuit. <u>See</u> <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 414-415 & n.9 (1984).

Defendant GOI argues that its only pertinent contacts with Missouri are through its website; however, it contends that those contacts are insufficient to satisfy the due process requirements. GOI's website displays information regarding artists and pieces of art it sells at its physical art gallery. While the website allows users to contact the art gallery via e-mail and provides other contact information, it does not enable web users to purchase works of art directly from the website. Thus, defendant contends the website is mostly passive and does not establish the requisite minimum contacts in Missouri.

Teter responds that GOI's contacts with Missouri are not limited to its website, and that its other activities subject it to personal jurisdiction. Teter claims that GOI has transacted business, made a contract, and committed a tortious act, all within Missouri.

4

Teter's alleged contract arises out of a meeting between himself and GOI's owners, the Walpoles, held in Teter's home in Jamesport, Missouri. At this meeting, it seems that GOI and Teter reached an oral agreement wherein GOI would remain an authorized dealer of Teter's art work and that GOI would be the exclusive outlet for Lee Teter's work in the Branson, Missouri metro area and the State of Arkansas. Aside from the contract, plaintiff also argues that GOI's alleged tortious infringement had effects in Missouri because it caused harm to plaintiff, a Missouri resident. Plaintiff argues that this action arose from GOI's infringement of his works of art, such as the copying, distribution, publication, and transmission of infringing electronic images into Missouri via its website. These activities were allegedly targeted to Missouri residents in order to obtain sales for Teter's art work.

GOI then argues that it does not have sufficient contacts in Missouri to satisfy due process because it is not registered to do business in Missouri and does not have satellite offices here. While it admits that it sends representatives to Missouri on business matters, the trips are not on a regular basis and are not for entering into contracts or taking products to Missouri to sell. It admits that some of its marketing materials reach Missouri residents because its art gallery is near the Missouri border, but it does not sell artwork in Missouri, but rather only from its Arkansas art gallery. However, GOI does admit that it sells artwork to Missouri residents and has Missouri clients. GOI argues that these contacts do not relate or arise out of the cause of action thus specific personal jurisdiction does not exist.

Upon consideration of the five factor test and the facts in this case, the Court finds that the due process requirements are met. As to the nature and quality of the contacts, GOI admits seeking out plaintiff in Missouri to confirm that he would continue the ongoing business relationship with the art gallery upon GOI assuming ownership. The parties

5

reached an oral agreement that Teter would sell his art to GOI, and GOI would promote and sell his artwork from its art gallery in Arkansas. GOI was also given an exclusive distribution region of certain geographic areas, including the Branson, Missouri metro area. GOI operates the allegedly infringing website that displays thumbnail images of Teter's art works, among others, to market the works of art it has in its art gallery. Its fair to say that GOI uses the website in order to target buyers in geographic areas where it has exclusive rights to distribute Teter's artwork, most significantly in this case, the Branson, Missouri area. In fact, GOI has admittedly sold art to Missouri residents and delivered art to customers in Missouri.

Furthermore, "trademark infringement is a tort, and the economic effects of infringement are felt where the trademark owner has its principal place of business." <u>Enterprise Rent-a-Car Co. v. U-Haul Int'l, Inc.</u>, 327 F. Supp. 2d 1032, 1043 (E.D. Mo. 2004) (concluding that the effects of defendant's allegedly infringing website were felt in Missouri). As alleged in his complaint, plaintiff resides and does business in Chillicothe, Missouri, which means that the effects of the allegedly infringing website are felt in Missouri. GOI's contacts in Missouri are not random or fortuitous, but rather it is clear that GOI purposefully directed its business activities in Missouri. It also knew that the effects of the allegedly infringing website would be felt by Teter in Missouri.

The second factor and third factor also weigh in favor of finding personal jurisdiction. GOI has numerous contacts with Missouri, and most of them are related to the cause of action. GOI's owners traveled to Missouri to confirm and establish its rights with Teter, and it was agreed that GOI would be the exclusive distributor in the Branson, Missouri metro area for Teter's art work. In connection with oral agreement to continue selling plaintiff's art, GOI operates its website, which displays the allegedly infringing images. As noted above,

6

it is fair to say that GOI is purposefully directing its website marketing to residents of Missouri as it is the exclusive seller of Teter's art work in one region of Missouri. GOI concedes that it has sold its artwork to Missouri residents, and it has delivered Teter's artwork to customers in Missouri.

Turning to the fourth and fifth factors, Missouri has a strong interest in providing its residents a forum to resolve infringement lawsuits because, as noted above, the principal effects of these torts are felt in Missouri. While the convenience of the parties seems to split evenly between the parties, this factor is of secondary importance and the primary factors weigh in favor of finding jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss for lack of jurisdiction (Doc. No. 5) is **DENIED**.

**IT IS SO ORDERED.**


Date: 1/30/09　　　　　　　　　　　　**/s/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　Chief United States District Judge