# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| GARY LEON TETER, JR., | ) |
| Plaintiff, | ) |
| v. | ) No. 08-6097-CV-SJ-FJG |
| GLASS ONION, INC., | ) |
| Defendant. | ) |

## ORDER

There are eight motions pending before the Court, all of which pertain to either Jury Instructions, Plaintiff's Motions in Limine, or Defendant's Motions in Limine. Each motion will be considered below.

**A.  Jury Instructions**

Pending before the Court is (1) Plaintiff's Motion to Strike Jury Instructions, or, In the Alternative, Motion to Compel Written Objections (Doc. No. 106), (2) Plaintiff's Motion for Extension of Time to Respond to Defendant's Jury Instructions (Doc. No. 129), and (3) Defendant's Motion for Extension of Time to Respond to Plaintiff's Proposed Jury Instructions and Voir Dire (Doc. No. 130).

In light of the Court's rulings on summary judgment, it is necessary for the parties to file revised jury instructions for the remaining issues for trial. As stated in the Scheduling Order, the Court expects to receive jointly agreed to instructions from the parties. Separate instructions are appropriate only where the parties cannot agree upon a specific instruction. In that instance, opposing counsel shall state in writing the reason for the objection with authority cited as well as an alternative instruction.

The parties are hereby **ORDERED** to file revised jury instructions on or by **August 5, 2010**, and written objections to proposed instructions and voir dire on or by **August 11, 2010**. **IT IS FURTHER ORDERED** that (1) Plaintiff's Motion to Strike Jury Instructions, or, In the Alternative, Motion to Compel Written Objections (Doc. No. 106), (2) Plaintiff's Motion for Extension of Time to Respond to Defendant's Jury Instructions (Doc. No. 129), and (3) Defendant's Motion for Extension of Time to Respond to Plaintiff's Proposed Jury Instructions and Voir Dire (Doc. No. 130) are **DENIED AS MOOT**.

B.   **Plaintiff's Motions in Limine**

Pending before the Court is (1) Plaintiff's Motion in Limine No. 1 to Exclude Evidence Defendant Produced After Discovery Cut-Off Date (Doc. No. 110), and (2) Plaintiff's Motion in Limine No. 2 to Preclude GOI from Relying on Advice From Counsel, C. Leyva, Regarding Willfulness (Doc. No. 111).

Plaintiff moves to exclude evidence defendant produced after the discovery cut-off date. Discovery closed September 1, 2009. On September 21, 2009, defendant sent to plaintiff images that defendant had retrieved from the internet and Internet Archive, stating in the accompanying letter that GOI may be using the images to support its claims and defenses in the litigation (Doc. No. 110-1). In support of its motion, Teter argues that Plaintiff's First Set of Requests for Production of Documents specifically asked for, "[a]ll documents or tangible things You intend to offer as exhibits in this proceeding." Plaintiff thus alleges defendant's production of the images after discovery had closed is an untimely disclosure under Federal Rule of Civil Procedure 26(e), which

2

prejudiced its ability to review, analyze and question deponents about the discovery produced. Plaintiff seeks the images be barred under Fed. R. Civ. P. 37(c).

Defendant maintains that all responsive documents were produced during discovery and these images were not responsive to anything Teter formally requested through discovery. As well, the images in question were at all times equally available to plaintiff as they were obtained from the public domain. Defendant argues that while plaintiff requested production of trial exhibits, GOI had not yet chosen its trial exhibits as of the discovery cut-off date -which was over one year before trial- and the images in question were not produced as a supplement to any discovery request; they were merely provided to Teter "in the spirit of full disclosure."

The Court agrees with defendant that the images are not untimely supplemental discovery. Defendant provided the images to plaintiff in a good faith spirit of full disclosure and sanctioning defendants would discourage litigants from maintaining open communication and cooperation. Because the images in question were equally available to both parties, and since the images were obtained from a public domain plaintiff cannot possibly be prejudiced defendant's use of the images. Further, plaintiff's attempt to bootstrap the images in question to its request for "all documents or tangible things" defendants intended to use as exhibits throughout the proceeding is unreasonable. Based on the foregoing, plaintiff's Motion In Limine No. 1 (Doc. No. 110) is hereby **DENIED**.

Plaintiff has also filed a Motion in Limine No. 2 to Preclude GOI from Relying on Advice From Counsel, Carlos Leyva, Regarding Willfulness (Doc. No. 111). As defendant GOI has not yet asserted the "advice of counsel" defense with regard to

Teter's claims of copyright and trademark infringement, the Court hereby reserves ruling on plaintiff's Motion in Limine No. 2. Defendant shall notify the Court whether it intends to assert the defense by **August 11, 2010** .

   C.   **Defendant's Motions in Limine**

Pending before the Court is (1) Defendant's Motion in Limine No. 1: Require that Plaintiff Establish the Requisite Factual Predicates Before Presenting Evidence of Trademark Dilution (Doc. No. 120), (2) Defendant's Motion in Limine No. 2: Require Plaintiff Establish that GOI's Use of Images of Plaintiff's Works is Not Excluded by Plain Language of VARA (Doc. No. 121), and (3) Plaintiff's Motion for Leave to Supplement Plaintiff's Response to Defendant's Motion in Limine No. 2 (Doc. No. 128).

The Court ruled on summary judgment that plaintiff failed to establish a prima facie case on its claim for trademark dilution and granted judgment as a matter of law for defendants. Accordingly, defendant's Motion in Limine No. 1: Require that Plaintiff Establish the Requisite Factual Predicates Before Presenting Evidence of Trademark Dilution (Doc. No. 120) is **DENIED AS MOOT**.

The Court also ruled on summary judgment that plaintiff had failed to establish a claim under the Visual Artist's Rights Act, 17 U.S.C. § 106A because GOI's use of Teter's artwork is for advertising purposes, and, thus, is not a protected work of visual art. Based on the Court's ruling, defendant's Motion in Limine No. 2: Require Plaintiff Establish that GOI's Use of Images of Plaintiff's Works is Not Excluded by Plain Language of VARA (Doc. No. 121) is **DENIED AS MOOT**. Accordingly, Plaintiff's Motion for Leave to Supplement Plaintiff's Response to Defendant's Motion in Limine

4

No. 2 (Doc. No. 128) is also **DENIED AS MOOT**.

### D. Conclusion

Based on the foregoing, the Court rules as follows on the pending motions:

(1) Plaintiff's Motion to Strike Jury Instructions, or, In the Alternative, Motion to Compel Written Objections (Doc. No. 106) is **DENIED AS MOOT**;

(2) Plaintiff's Motion for Extension of Time to Respond to Defendant's Jury Instructions (Doc. No. 129) is **DENIED AS MOOT**;

(3) Defendant's Motion for Extension of Time to Respond to Plaintiff's Proposed Jury Instructions and Voir Dire (Doc. No. 130) is **DENIED AS MOOT**;

(4) Plaintiff's Motion in Limine No. 1 to Exclude Evidence Defendant Produced After Discovery Cut-Off Date (Doc. No. 110) is **DENIED**;

(5) Defendant's Motion in Limine No. 1: Require Plaintiff Establish Factual Predicates of Trademark Dilution (Doc. No. 120) is **DENIED AS MOOT**;

(6) Defendant's Motion in Limine No. 2: Require Plaintiff Establish that GOI's Use of Images of Plaintiff's Works is Not Excluded Under VARA is **DENIED AS MOOT**;

(7) Plaintiff's Motion for Leave to Supplement Plaintiff's Response to Defendant's Motion in Limine No. 2 (Doc. No. 128) is **DENIED AS MOOT**.

In addition, the Court reserves ruling on plaintiff's pending Motion in Limine No. 2 to Preclude GOI from Relying on Advice of Counsel Regarding Willfulness (Doc. No. 111), and defendant shall notify the Court of its intent to assert the defense by **August**

**11, 2010**.

**IT IS FURTHER ORDERED** that the parties **SHALL** file revised jury instructions on or by **August 5, 2010**, and objections to proposed instructions and voir dire are due on or by **August 11, 2010**. All submissions shall be filed by **4:00 P.M.** on the due date.

**IT IS SO ORDERED.**


Date: 07/22/10                 **/s/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri         Fernando J. Gaitan, Jr.
                                    Chief United States District Judge